# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 29, 2005

## STATE OF TENNESSEE v. RONALD LEE HAMBY

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S47, 341     Phyllis H. Miller, Judge**

---

**No. E2005-00653-CCA-R3-CD - Filed December 15, 2005**

---

The defendant, Ronald Lee Hamby, entered pleas of guilty to aggravated burglary, a Class C felony, and theft over $500, a Class E felony. The trial court imposed an effective sentence of seven years to be served in a community corrections program. Fifteen months later, the community corrections sentence was revoked and the defendant was ordered to serve the remainder of his term in the Department of Correction. In this appeal, the single issue presented for review is whether revocation was proper. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

William A. Kennedy, Blountville, Tennessee, for the appellant, Ronald Lee Hamby.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On or about January 11, 2003, the defendant burglarized the residence of the victim, David Eugene Ray, and stole two rifles, a handgun, a scanner, tools, and household items, all of which had a value in excess of $500. At sentencing, the trial court established several conditions as a part of the community correction sentence, among which were the following:

(2) [R]eport all arrests, including traffic violations immediately, regardless of the outcome . . . .

. . . .

(6) [C]arry out all instructions [of the probation officer] and report . . . as given instruction to report.

(7) [N]ot use intoxicants . . . [o]f any kind, or use or . . . possess[] narcotic drugs or marijuana.

. . . .

(14) [O]bserve any special conditions . . . [, including] . . . Domestic Violence Counseling.

On January 20, 2005, Stuart Canter, a case developer with the Sullivan County Community Corrections Office and the defendant's supervising officer, filed a warrant alleging that the defendant had violated Rules 2, 6, and 14 of the conditions of his release. The officer alleged that the defendant had been charged with domestic assault and evading arrest, that the defendant had absconded and was unavailable for home visits, and that the defendant had violated the special conditions of his release. On March 2, 2005, Officer Canter filed another warrant alleging that the defendant had violated Rules 2 and 7 of the conditions of his release by failing to report a traffic violation and by the illegal use of drugs. At the hearing on the warrants, the state dismissed its allegations that the defendant had violated Rule 2 insofar as his failure to report the domestic assault and evading arrest charges, and Rule 14, which prohibited "threatening or violent behavior." The defendant pled guilty to violating Rule 2 for his failure to report an arrest for speeding, and Rule 7 regarding his possession or use of intoxicants, illegal drugs, or marijuana. The defendant pled no contest to the allegations that he had failed to carry out the instructions of his supervising officer.

Officer Canter testified that when the defendant was in the residential part of the corrections program in early 2004, he kept a steady job, paid his fees, and attended all required classes. He described the defendant's performance as so exceptional that some two months later, he was placed in a non-residential program, which required only weekly reports. The officer confirmed that the defendant also did well after being placed into Phase III status, which involved reporting every two weeks, until early 2005 when the defendant apparently experienced "problems with his girlfriend." Officer Canter testified that a few days later he visited the defendant's residence and learned that his girlfriend had filed charges and that the defendant had "packed some things . . . and left." According to the officer, the defendant wrote a letter acknowledging that he had "problems" and contending that he was trying to keep in contact as directed. The officer recalled that the defendant admitted a relapse and wanted treatment.

The defendant acknowledged that he was "an addict," and testified that in January of 2005, he had been laid-off from his job, had suffered a lot of stress, and had relapsed into valium use. He denied that he had absconded from the Phase III program, explaining that he had provided the officer with notice and had voluntarily surrendered on the violation warrants. The defendant asked to be returned to the community corrections program for counseling and drug rehabilitation: "I'm an addict and I tried to do it [on] my own and I realize now that I do need support." The defendant testified that he had obtained two different job opportunities in hopes of returning to the program. He explained that his ex-wife, from whom he was divorced in July of 2004, filed the domestic violence charge but that when the case was set, "they couldn't find her one time and it was put off . . . five or six [times]" before being dismissed. The defendant acknowledged that his ex-wife had filed previous domestic assault charges against him. He also admitted that he was convicted of assault as the result of a barroom brawl.

After hearing the arguments of defense counsel and the state, the trial court revoked the community corrections sentence based upon the defendant's guilty pleas. The trial court made no specific findings but expressed dissatisfaction with the domestic assault charge.

In this appeal, the defendant complains that the trial court abused its discretion by revoking the community corrections sentence. He stated that the trial court hurriedly presided at the evidentiary hearing, too hastily adjudicated the facts, and otherwise failed to adequately consider the prospect of rehabilitation.

Once a defendant violates the terms of his community corrections program, the trial court may revoke the sentence and impose a new one:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant or the termination or modification of the program to which the defendant has been sentenced, and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Tenn. Code Ann. § 40-36-106(e)(4) (2003).

In State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991), our supreme court ruled that a community corrections sentence is so similar to a probationary sentence as to require the application of the same standard of review. Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (2003); see Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. Harkins, 811 S.W.2d at 82. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In this instance, the defendant has been unable to establish that the trial judge did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). While the record substantiates the defendant's claim that the trial court hurriedly conducted the proceedings and made abbreviated findings at the conclusion of the hearing, that does not mean that the trial court abused its discretion or failed to conscientiously consider the circumstances. The defendant pled guilty to having violated two of the terms of his conditions of release and chose not to contest the allegation that he had violated a third condition. That opened the door for a re-consideration of his placement in the program. And, although he had made

substantial progress toward rehabilitation according to his supervising officer, the defendant did have a prior record, had failed to report a traffic citation, had failed to maintain his availability to his supervisor, and ultimately succumbed to his addiction by the illegal use of drugs. Under these circumstances, it cannot be said that the trial court abused its discretionary authority by ordering the defendant to serve the remainder of his sentence in the Department of Correction.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE